UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| ORANGE COUNTY ELECTRICAL INDUSTRY HEALTH AND WELFARE TRUST FUND; LOCAL UNION NO. 441 OF THE INTERNATIONAL BROTHERHOOD OF ELECTRICAL WORKERS; AND DOUGLAS CHAPPELL, as Trustee of the above TRUST FUND,<br><br>                Plaintiffs,<br><br>   v.<br><br>MOORE ELECTRICAL CONTRACTING, INC., a California corporation,<br><br>                Defendant. | Case No.: 11-CV-00942-LHK<br><br>ORDER GRANTING MOTION TO WITHDRAW AS COUNSEL AND CONTINUING CASE MANAGEMENT CONFERENCE<br><br>(re: dkt. #11) |

On May 26, 2011, Phillip Ashman and McQueen & Ashman LLP moved for an order to withdraw as counsel for Defendant Moore Electrical Contracting, Inc., ("Moore Electrical"). *See* Dkt. #11. In compliance with Civil Local Rule 11-5(a), Ashman served written notice of this motion on Moore Electrical and all other parties over a month in advance of the hearing date. Plaintiffs have filed a statement of non-opposition, while Moore Electrical has not responded to the motion to withdraw. Pursuant to Civil Local Rule 7-1(b), the Court deems this motion appropriate for resolution without oral argument and vacates the July 21, 2011 motion hearing. The July 21, 2011 case management conference is continued to October 5, 2011. For the foregoing reasons, the Court GRANTS the unopposed motion to withdraw as counsel.

1

Case No.: 11-CV-00942-LHK
ORDER GRANTING MOTION TO WITHDRAW AS COUNSEL

## I. BACKGROUND

Phillip Ashman and McQueen & Ashman LLP ("Ashman") currently represent Moore Electrical in this Employment Retirement Income and Security Act of 1974 ("ERISA") case brought by Plaintiffs Orange County Electrical Industry Health and Welfare Trust Fund, Local Union No. 441 of the International Brotherhood of Electrical Workers and Douglas Chappell. Plaintiffs filed their Complaint on March 1, 2011. In brief, Plaintiffs seek to collect unpaid contributions to multi-employer benefit plans. *See generally* Compl. Moore Electrical filed its Answer on March 24, 2011. However, Moore Electrical then ceased doing business and all of its assets were seized by East West Bank. Ashman Decl. ¶ 2. Moore Electrical now has no employees and its assets are being liquidated by East West Bank. *Id.* Soon thereafter, Ashman filed a motion to withdraw as counsel on May 26, 2011. The motion to withdraw represents that Moore Electrical's liquidation makes it impossible to effectively represent Moore Electrical. The motion also hints at other circumstances which frustrate the attorney-client relationship, but does not provide detailed information due to confidentiality issues.

## II. LEGAL STANDARDS

"An attorney may not withdraw as counsel except by leave of court." *Darby v. City of Torrance*, 810 F. Supp. 275, 276 (C.D. Cal. 1992). Permission to withdraw is discretionary. *See United States v. Carter*, 560 F.3d 1107, 1113 (9th Cir. 2009); *Washington v. Sherwin Real Estate, Inc.*, 694 F.2d 1081, 1087 (7th Cir. 1982).

Civil Local Rule 11-4(a)(1) requires attorneys practicing in this district to "comply with the standards of professional conduct required of members of the State Bar of California." Rule 3-700 of the Rules of Professional Conduct of the State Bar of California governs an attorney's withdrawal as counsel. Under that rule, an attorney may seek to withdraw for several reasons. Among these reasons are that the client "renders it unreasonably difficult for the member to carry out the employment effectively" or "[t]he member believes in good faith, in a proceeding pending before a tribunal, that the tribunal will find the existence of other good cause for withdrawal." CAL. R. PROF. CONDUCT 3-700(C)(1)(d), 3-700(C)(6). Before withdrawing for any reason, an attorney must take "reasonable steps to avoid reasonably foreseeable prejudice to the rights of the client,

2

Case No.: 11-CV-00942-LHK
ORDER GRANTING MOTION TO WITHDRAW AS COUNSEL

including giving due notice to the client, allowing time for employment of other counsel, complying with rule 3-700(D),[1] and complying with applicable laws and rules." CAL. R. PROF. CONDUCT 3-700(A)(2).

### III. ANALYSIS

Ashman represents that continuing to pursue this matter on behalf of Moore Electrical would be unreasonably difficult in light of Moore Electrical's dissolution, lack of employees, and bankruptcy. The Court agrees that these circumstances justify withdrawal, as there is no ability for Moore Electrical to communicate with counsel and no ability to continue to incur legal fees. *See* Ashman Decl. ¶ 2. Courts in similar circumstances have held that failure or inability to pay for legal services constitutes good cause for withdrawal. *See Leatt Corp. v. Innovative Safety Technology, LLC*, 2010 WL 444708 at *2 (S.D. Cal. 2010); *Canandaigua Wine Co., Inc. v. Edwin Moldauer*, 2009 WL 89141 at *2 (E.D. Cal. 2009); *Schueneman v. 1st Credit of America, LLC*, 2007 WL 1969708 at *7 (N.D Cal. 2007). Additionally, the inability to communicate with the client renders Ashman's continued representation unreasonably difficult. *See, e.g.*, *Leatt Corp.*, 2010 WL 444708 at *2. Furthermore, Ashman provided timely notice of the Motion to Withdraw to Moore Electrical and provided the Court with Moore Electrical's last known addresses in Corona and Yorba Linda, California. As the litigation is still at an early stage, Ashman has taken reasonable steps to prevent foreseeable prejudice against Moore Electrical.

As a result of this Order and in order to avoid delay, Moore Electrical must obtain new counsel within 30 days if it wishes to continue to defend this action. *See* CIV. L.R. 3-9(b) ("A corporation, unincorporated association, partnership or other such entity may appear only through a member of the bar of this Court."). Should Moore Electrical not obtain new counsel, it risks default judgment.

---

[1] Rule 3-700(D) provides: "A member whose employment has terminated shall: (1) Subject to any protective order or non-disclosure agreement, promptly release to the client, at the request of the client, all the client papers and property. 'Client papers and property' includes correspondence, pleadings, deposition transcripts, exhibits, physical evidence, expert's reports, and other items reasonably necessary to the client's representation, whether the client has paid for them or not; and (2) Promptly refund any part of a fee paid in advance that has not been earned. This provision is not applicable to a true retainer fee which is paid solely for the purpose of ensuring the availability of the member for the matter."

3

Case No.: 11-CV-00942-LHK
ORDER GRANTING MOTION TO WITHDRAW AS COUNSEL

### IV.  CONCLUSION

For the foregoing reasons, Ashman's unopposed motion to withdraw as counsel for Moore Electrical is GRANTED.  As noted above, Moore Electrical's failure to obtain counsel in a timely fashion risks default judgment.  If Moore Electrical does not obtain counsel within 30 days as required by this Order, Plaintiffs shall: (1) file a motion for entry of default within 14 days of Moore Electrical's failure to obtain new counsel; and (2) file a motion for entry of default judgment within 30 days of Moore Electrical's failure to obtain new counsel.  The July 21, 2011 case management conference is continued to Wednesday, October 5, 2011 at 2:00 p.m.

**IT IS SO ORDERED.**

Dated: July 20, 2011

_____
LUCY H. KOH
United States District Judge