**United States District Court**
For the Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| ORANGE COUNTY ELECTRICAL INDUSTRY HEALTH AND WELFARE TRUST FUND; LOCAL UNION NO. 441 OF THE INTERNATIONAL BROTHERHOOD OF ELECTRICAL WORKERS; and DOUGLAS CHAPPELL, as Trustee of the above TRUST FUND, <br><br> Plaintiffs, <br> v. <br><br> MOORE ELECTRICAL CONTRACTING, INC., a California corporation, <br><br> Defendant. | Case No.: 11-CV-00942-LHK <br><br> ORDER DENYING WITHOUT PREJUDICE MOTION FOR DEFAULT JUDGMENT |

Now before the Court is Plaintiff Orange County Electrical Industry Health and Welfare Trust Fund's (the "Trust Fund"), Local Union No. 441 of the International Brotherhood of Electrical Workers', and Douglas Chappell's, as trustee of the Trust Fund, (collectively "Plaintiffs") unopposed motion for default judgment against Defendant Moore Electrical Contracting, Inc. ("Defendant"). ECF No. 22. The Court finds this matter suitable for decision without oral argument. See Civ. L.R. 7–1(b). Accordingly, the hearing on the motion, set for November 17, 2011, is hereby VACATED. For the reasons set forth below, the Court DENIES without prejudice Plaintiffs' motion for default judgment. Plaintiffs may submit a revised motion for default judgment within 30 days of this Order.

Plaintiffs filed this lawsuit on March 1, 2011. The Court granted Defendant's former counsel's motion to withdraw as counsel on July 20, 2011, on the grounds that Defendant's

ongoing liquidation frustrated the attorney client relationship.  ECF No. 17, at 2.  The Court also authorized Plaintiffs to move for entry of default within 14 days, pursuant to Civil Local Rule 3-9(b), if Defendant failed to obtain new counsel within 30 days.  *Id.* at 4.  Defendant failed to obtain counsel, and, accordingly, the Clerk entered Default on October 4, 2011.  ECF No. 20.  Plaintiffs filed the instant motion for default judgment on October 7, 2011.

Plaintiffs seek a total judgment of $148,736.53, comprising $133,839.2 in total outstanding contributions, liquidated damages, and interest, and $14,897.33 in attorney's fees and costs.  Mot. 4.

Plaintiffs allege that Defendant is an employer within the meaning of 29 U.S.C. §§ 1002(5), 1145, and an employer in an industry affecting commerce within the meaning of section 301 of the LMRA, 29 U.S.C. § 185.  Plaintiffs also allege that Defendant bound itself to the Inside Wireman's Agreement between the Orange County Chapter of the National Electrical Contractors Association ("NECA") and IBEW Local 441 when Defendant signed a Letter of Assent on November 16, 1982.  *See* Decl. of Chloe Quail in Support of Mot. for Default J. Against Def. Moore Elec. Contracting, Inc. ("Quail Decl.") Ex. A, at 1.  Plaintiffs claim that the Inside Wireman's Agreement obligated Defendant to make benefit contributions to the Trust Fund, Quail Decl. Ex. B, at 21-25, and that Defendant failed to make its required contributions from October 2010 through April 2011.  Mot. 4.

Although Plaintiffs have attached the Inside Wireman's Agreement that purportedly required Defendant to make contributions to the Trust Fund, the agreement is not signed.  *See* Quail Decl. Ex. B.  In the absence of a signed Inside Wireman's Agreement, the Court will not presume that it is indeed binding on Defendant or that Defendant was obligated to pay the sums claimed in Plaintiffs' motion.  In a revised motion, Plaintiffs must attach a signed Inside Wireman's Agreement.

In addition to seeking unpaid contributions to the Trust Fund, Plaintiffs seek unpaid contributions to the following funds: National Electrical Benefit Fund; Orange County IBEW – NECA Electrical Workers Defined Contribution Plan; National Electrical Industry Fund, Vacation Fund; Orange County Electrical Joint Apprenticeship and Training Trust Fund; Orange County

2

Case No.: 11-CV-0942-LHK
ORDER DENYING WITHOUT PREJUDICE MOTION FOR DEFAULT JUDGMENT

IBEW – NECA Labor Management Cooperative Trust; National Labor Management Cooperation Fund; IBEW Local Union #441 Dues Deduction; IBEW Education Fund, Electrical Industry Administrative Maintenance Fund.  These entities are not named plaintiffs in this action.  Furthermore, the Court notes that Douglas Chappell is only named as Plaintiff on the grounds that he is a trustee of the Health and Welfare Trust Fund, and there is no evidence that Mr. Chappell has a relationship with the non-plaintiff recipients of fringe benefits contributions.  The Court will not assume, in the absence of any cited authority, that Plaintiffs are entitled to recover damages for unpaid contributions that are owed to non-plaintiff trust funds.  In a revised motion, Plaintiffs must cite binding authority supporting their position that they are entitled to collect contributions owed to non-plaintiff trust funds.  Failure to do so may result in only a partial award.

The Court has reviewed the relevant transmittal forms, attached as Exhibit A to the Declaration of Sandy Stephenson in Support of Motion for Default Judgment ("Stephenson Decl."), and Plaintiffs' interest calculations, Stephenson Decl. ¶¶ 3-9, and finds that Plaintiffs' interest calculations are incomplete.  Plaintiffs state that on or about August 1, 2011, Plaintiffs recovered $50,733.26 from Defendant, which amount was applied to Defendant's delinquency.  Stephenson Decl. ¶ 11.  However, the interest calculations do not appear to consider that this payment would have paid off a portion of the principal owed, thereby curtailing the accrual of interest for at least a portion of the unpaid contributions.  In a revised motion, Plaintiffs must take into account the August 1, 2011 payment in their interest calculations.

Finally, the Court was unable to determine whether the liquidated damages became due on the same day that a monthly contribution became delinquent, as Plaintiffs appeared to suggest in their interest calculations.  *See* Stephenson Decl. ¶¶ 3-9.  The Stephenson Declaration states that "[t]he Trusts also require that contributions to the Trusts are delinquent if not paid by the 16th day of the calendar month following the payroll month.  The Trusts also require that if contributions are more than thirty days late, liquidated damages of 15% of the amount which was not paid within the 30 day deadline."  Stephenson Decl. ¶ 2.  This statement suggests that liquidated damages for a given payroll month become due 30 days after the 16th day of the calendar month following the payroll month.  Under this understanding, for example, the October 2010 contribution became

3

Case No.: 11-CV-0942-LHK
ORDER DENYING WITHOUT PREJUDICE MOTION FOR DEFAULT JUDGMENT

delinquent on November 16, 2010, and was subject to liquidated damages on December 15, 2010. Thus, the unpaid contribution and the liquidated damages for a given month would accrue interest for different periods of time. In a revised motion, Plaintiffs must clarify whether liquidated damages and unpaid contributions become due on the same day or whether they are staggered by 30 days.

For the reasons discussed above, Plaintiffs' motion for default judgment is DENIED without prejudice. Plaintiffs may submit a revised motion addressing the issues raised above within 30 days of the date of this order. Failure to do so will result in dismissal of this action with prejudice.

**IT IS SO ORDERED.**

Dated: November 15, 2011

*Lucy H. Koh*
LUCY H. KOH
United States District Judge

4
Case No.: 11-CV-0942-LHK
ORDER DENYING WITHOUT PREJUDICE MOTION FOR DEFAULT JUDGMENT