1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**United States District Court**
For the Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| ORANGE COUNTY ELECTRICAL INDUSTRY HEALTH AND WELFARE TRUST FUND; LOCAL UNION NO. 441 OF THE INTERNATIONAL BROTHERHOOD OF ELECTRICAL WORKERS; and DOUGLAS CHAPPELL, as Trustee of the above TRUST FUND, <br><br> Plaintiffs, <br><br> v. <br><br> MOORE ELECTRICAL CONTRACTING, INC., a California corporation, <br><br> Defendant. | Case No.: 11-CV-00942-LHK <br><br> ORDER DENYING SECOND MOTION FOR DEFAULT JUDGMENT |

This is an ERISA collection case brought by Plaintiffs Orange County Electrical Industry Health and Welfare Trust Fund (the "Health Fund"); Local Union No. 441 of the International Brotherhood of Electrical Workers ("IBEW Local 441"); and Douglas Chappell, as Trustee of the Trust Fund (collectively "Plaintiffs"), against Defendant Moore Electrical Contracting, Inc. ("Defendant"). Before the Court is Plaintiffs' second unopposed Motion for Default Judgment. The Court finds this matter suitable for decision without oral argument and therefore VACATES the motion on the hearing set for May 10, 2012. *See* Civ. L.R. 7-1(b). Having considered Plaintiffs' motion and supporting declarations, the Court DENIES Plaintiffs' motion without prejudice.

I.    **BACKGROUND**

      **A.  Factual Background**

1

United States District Court
For the Northern District of California

This collection action arises out of Defendant's alleged failure to make monthly contributions to various employee benefit plans as required by the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1145, and the Labor Management Relations Act ("LMRA"), 29 U.S.C. § 185.  Plaintiff Health Fund is a multi-employer employee benefit plan pursuant to ERISA, 29 U.S.C. § 1002(3), (37), and 29 U.S.C. § 1132(d)(1), and jointly trusted employee benefit trust pursuant to the LMRA, 29 U.S.C. § 186(c)(5).  Compl. ¶ 3.  Plaintiff Chappell is a trustee and fiduciary of the Health Fund and the Business Manager of IBEW Local 441.  Compl. ¶ 4.  Defendant is an employer within the meaning of 29 U.S.C. §§ 1002(5), 1145, and an employer in an industry affecting commerce within the meaning of section 301 of the LMRA, 29 U.S.C. § 185.  Compl. ¶ 5.  On November 16, 1982, Defendant signed a Letter of Assent binding itself to a collective bargaining agreement between the Orange County Chapter of the National Electrical Contractors Association ("NECA") and the International Brotherhood of Electrical Workers, Local 441 ("IBEW Local 441"), called the "Inside Wireman's Agreement." *See* Decl. of Chloe Quail, ECF No. 24 ("Quail Decl."), Ex. A (Letter of Assent); Decl. of Benjamin Lunch, ECF No. 26-3 ("Lunch Decl."), Ex. A (2011-12 Inside Wireman's Agreement); Compl. ¶ 7. The Inside Wireman's Agreement obligates Defendant to make monthly benefit contributions to various funds for fringe benefits for covered employees.  Compl. ¶ 7.  The Inside Wireman's Agreement also requires Defendant to be bound to the applicable trust agreements establishing each of the respective trust funds.  *Id.*

Plaintiffs seek to collect unpaid contributions on behalf of the following funds, all of which are either represented by Doug Chappell as Trustee or have assigned their collection rights for delinquent contributions to the Health Fund: (1) the Health Fund; (2) Orange County Electrical Industry Defined Contribution Pension Plan; (3) Orange County Electrical Industry Joint Apprenticeship and Training Trust ("Training"); (4) Orange County IBEW-NECA Labor Management Cooperation Committee Trust ("LMCC"); (5) National Electrical Benefit Fund ("NEBF"); (6) IBEW Education Fund ("Education"); (7) Electrical Industry Administrative Maintenance Fund ("AMF"); and (8) National Electrical Industry Fund, Vacation Fund

2

1    ("Vacation").  In addition, Plaintiffs seek to collect unpaid contributions to the (9) NECA Dues and

2    Services Charges Fund (which is not an ERISA fund); and (10) IBEW Local Union #441 Dues.

3          Plaintiffs allege that Defendant failed to make its required contributions from October 2010

4    through April 2011.  *See* Revised Decl. of Sandy Stephenson, ECF No. 26-1 ("Stephenson Decl."),

5    ¶¶ 3-10.  In its attempts to collect funds, Plaintiffs recovered $50,773.26 from Defendant, which

6    was applied to Defendant's delinquency.  Stephenson Decl. ¶ 3.  Plaintiffs now seek a total

7    judgment of $143,912.50, comprising $129,015.17 in total known outstanding damages, and

8    $14,897.33 in attorney's fees and costs.  Mot. at 4-5.

9                              **B.  Procedural History**

10          Plaintiffs filed this lawsuit on March 1, 2011.  The Court granted Defendant's former

11   counsel's motion to withdraw as counsel on July 20, 2011, on the ground that Defendant's ongoing

12   liquidation frustrated the attorney-client relationship.  ECF No. 17 at 2.  The Court also authorized

13   Plaintiffs to move for entry for default within 14 days, pursuant to Civil Local Rule 3-9(b), if

14   Defendant failed to obtain new counsel within 30 days.  *Id.* at 4.  Defendant failed to obtain

15   counsel, and the Clerk subsequently entered Default on October 4, 2011.  ECF No. 20.  Plaintiffs

16   filed a motion for default judgment on October 7, 2011, seeking a total judgment of $148,736.53,

17   comprising $133,839.20 in total outstanding contributions, liquidated damages, and interest, and

18   $14,897.33 in attorneys' fees and costs.  ECF No. 22.  The Court denied Plaintiffs' motion, without

19   prejudice, because of deficiencies specified in the Court's Order, ECF No. 25, as well as

20   summarized in Section III below.

21        **II.      LEGAL STANDARD**

22          Federal Rule of Civil Procedure 55(b)(2) permits a court, following an entry of default, to

23   enter default judgment against a defendant who has failed to plead or otherwise defend.  *See* Fed.

24   R. Civ. P. 55(a) & 55(b)(2).  Upon entry of default, all well-pled allegations in the complaint

25   regarding liability are taken as true, except as to the amount of damages, for which evidentiary

26   support is required.  *See Fair Hous. of Marin v. Combs*, 285 F.3d 899, 906 (9th Cir. 2002); *Tele*

27   *Video Sys., Inc. v. Heidenthal*, 826 F.2d 915, 917 (9th Cir. 1987).  "The district court's decision

28   whether to enter a default judgment is a discretionary one."  *Aldabe v. Aldabe*, 616 F.2d 1089, 1092

(9th Cir. 1980).  In exercising that discretion, a court should consider the following factors: "(1) the possibility of prejudice to the plaintiff; (2) the merits of plaintiff's substantive claim; (3) the sufficiency of the complaint; (4) the sum of money at stake in the action; (5) the possibility of a dispute concerning material facts; (6) whether the default was due to excusable neglect; and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits." *Eitel v. McCool*, 782 F.2d 1470, 1471-72 (9th Cir. 1986).

In addition, if the plaintiff is seeking money damages, the plaintiff must "prove-up" his damages." *Amini Innovation Corp. v. KTY Int'l Mktg.*, 768 F. Supp. 2d 1049, 1053-54 (C.D. Cal. 2011).  That is, the plaintiff must "provide evidence of its damages, and the damages sought must not be different in kind or amount from those set forth in the complaint." *Id.* (citing *Philip Morris USA, Inc. v. Castworld Prods., Inc.*, 219 F.R.D. 494, 498 (C.D. Cal. 2003)); *see* Schwarzer, Tashima, and Wagstaffe, *Federal Civil Procedure Before Trial* § 6:80 (2010 ed.).  "In order to 'prove up' damages, a plaintiff is generally required to provide admissible evidence (including witness testimony) supporting damage calculations."  *Cannon v. City of Petaluma*, No. C 11-0651, 2011 WL 3267714, at *2 (N.D. Cal. July 29, 2011) (Hamilton, J.) (citing Schwarzer, et al., § 6:94, *et seq.*)).

## III.     DISCUSSION

In its prior Order Denying Plaintiffs' Motion for Default Judgment Without Prejudice, the Court identified several problems with Plaintiffs' First Motion: (1) Plaintiffs failed to attach a signed copy of the Inside Wireman's Agreement that purportedly governs Plaintiffs' claim to damages; (2) Plaintiffs failed to establish that Mr. Chappell had any authority to collect delinquent payments on behalf of non-plaintiff funds; (3) Plaintiffs' interest calculations, based on the submitted transmittal forms, failed to account for the $50,733.26 recovered from Defendants in August 2011; and (4) the Court was unable to determine when the liquidated damages became due.

In their Second Motion for Default Judgment, Plaintiffs have rectified some, but not all, of the aforementioned problems.  First, although Plaintiffs have attached a copy of the 2011-12 Inside Wireman's Agreement, signed in June and July 2011, Plaintiffs have not submitted a signed copy of the 2010-11 version of the Inside Wireman's Agreement at issue in this case.  Plaintiffs seek to

United States District Court
For the Northern District of California

collect unpaid contributions for the period from October 2010 through April 2011, dates that predate the 2011-12 Inside Wireman's Agreement.  In the absence of a signed copy of the governing agreement for this time period, the Court is unable to confirm the terms of the agreement under which Plaintiffs claim entitlement to damages, nor can the Court confirm Plaintiffs' interest and liquidated damages calculations.[1]  Any revised motion must be accompanied by a signed copy of the operative Inside Wireman's Agreement.

Second, although Plaintiffs have now submitted a declaration explaining that the Health Fund is the authorized collection agent for all of the related fringe benefit plans and entities, it is not apparent that all of the plans and entities on whose behalf Plaintiffs seek to collect unpaid contributions are ERISA-qualified employee benefit plans.  *See, e.g.*, Decl. of Peggy Brown, ECF No. 26-2 ("Brown Decl."), ¶ 4 (explaining that NECA Dues and Services Charges Fund is not an ERISA fund).  Although Plaintiffs argue that they may recover unpaid dues pursuant to the Labor Management Relations Act, Plaintiffs' motion cites no authority for calculation of damages with respect to the non-ERISA funds.  Any revised motion must clearly identify which funds are non-ERISA funds and must set forth the precise basis for calculating damages with respect to those funds.

Finally, the Court continues to have doubts about Plaintiffs' liquidated damages and interest calculations.  Plaintiffs have now provided evidence that liquidated damages become due the day that contributions are due and unpaid, and Plaintiffs' calculations now properly account for the reduction in principal amounts owed as a result of the $50,733.26 partial collection.  However, Plaintiffs calculate liquidated damages for all funds at a rate of 15% of the unpaid principal, without directing the Court to the relevant provision of the Inside Wireman's Agreement entitling Plaintiffs to liquidated damages on all funds at a 15% rate.  According to Section 10.1 of the 2011-

---

[1] While the Court accepts as true all well-pled facts in the Complaint on a motion for default judgment, Plaintiffs nonetheless must prove their entitlement to damages.  The Court notes that the 2009-10 Inside Wireman's Agreement, previously submitted by Plaintiffs in support of their First Motion for Default Judgment, is not identical to the 2011-12 Inside Wireman's Agreement submitted with the instant Motion.  *Compare* Quail Decl. Ex. B *with* Lunch Decl. Ex. A.  Thus, the Court will not simply assume that the governing 2010-11 Inside Wireman's Agreement contains identical terms to the 2011-12 Inside Wireman's Agreement submitted.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

12 Inside Wireman's Agreement (which, again, is not the operative 2010-11 Inside Wireman's Agreement), "[t]he Funds shall be entitled to collect from the delinquent employer Liquidated Damages in the amount of 1.5% of any amounts delinquent for 1-31 calendar days.  Liquidated Damages shall accrue thereafter at 1.5% of the principal amount per month past due."  The 15% liquidated damages rate appears to apply only to the LMCC Trust Fund, under Section 10.13.  In any revised motion, Plaintiffs must explain why the 15% liquidated damages rate applies to unpaid contributions to all funds, as opposed to only the LMCC Trust Fund, and must support this explanation with admissible evidence.  In the absence of such an explanation and supporting evidence, the Court will apply the 1.5% liquidated damages provision under Section 10.1 for calculation of liquidated damages with respect to all funds other than the LMCC Trust Fund.

## IV.    CONCLUSION

For the foregoing reasons, the Court DENIES Plaintiffs' second motion for default judgment without prejudice.  Plaintiffs may submit a revised motion within 21 days of the date of this Order.  Failure to cure all deficiencies identified herein will result in denial of the motion and dismissal of this action with prejudice.

**IT IS SO ORDERED.**

Dated: May 8, 2012

_Lucy H. Koh_
LUCY H. KOH
United States District Judge

Case No.: 11-CV-0942-LHK
ORDER DENYING SECOND MOTION FOR DEFAULT JUDGMENT