United States District Court
For the Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| ORANGE COUNTY ELECTRICAL INDUSTRY HEALTH AND WELFARE TRUST FUND; LOCAL UNION NO. 441 OF THE INTERNATIONAL BROTHERHOOD OF ELECTRICAL WORKERS; and DOUGLAS CHAPPELL, as Trustee of the above TRUST FUND,<br><br>Plaintiffs,<br>v.<br><br>MOORE ELECTRICAL CONTRACTING, INC., a California corporation,<br><br>Defendant. | Case No.: 11-CV-00942-LHK<br><br>ORDER DIRECTING PLAINTIFFS TO FILE STATEMENT RE: SERVICE OF PROCESS |

Plaintiffs Orange County Electrical Industry Health and Welfare Trust Fund (the "Trust Fund"); Local Union No. 441 of the International Brotherhood of Electrical Workers ("IBEW Local 441"); and Douglas Chappell, as Trustee of the Trust Fund (collectively, "Plaintiffs"), have filed a third, unopposed motion for default judgment against Defendant Moore Electrical Contracting, Inc. ("Defendant"), alleging violations of the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §§ 1001-1191c, and the Labor Management Relations Act ("LMRA"), 29 U.S.C. §§ 141-188. A hearing on Plaintiffs' motion is set for September 20, 2012.

Because Defendant has appeared in this action, Federal Rule of Civil Procedure 55(b)(2) requires, as a prerequisite to entry of default judgment, that Plaintiffs serve Defendant or its

1

representative with written notice of the application at least seven days before the hearing on the default judgment. *See* Fed. R. Civ. P. 55(b)(2). Here, Defendant timely answered the Complaint on March 24, 2011. *See* ECF No. 5. However, Defendant's counsel subsequently withdrew as attorney of record on July 20, 2011. *See* ECF No. 17. Plaintiffs filed their third motion for default judgment electronically on May 29, 2012, but did not file separate proof of service of the motion on Defendant. Given that Defendant's counsel withdrew as counsel of record on July 20, 2011, and Defendant has not requested permission to e-file itself, it is unclear whether Plaintiffs served Defendant with written notice of the default judgment application as required under Rule 55(b)(2). The Court is therefore unable to determine whether service of process was adequate.

Accordingly, by September 14, 2012, Plaintiffs shall file a statement and supporting declaration, as well as any necessary documentation, addressing whether and how Plaintiffs served written notice of the application for default judgment on Defendant.

**IT IS SO ORDERED.**

Dated: September 13, 2012

LUCY H. KOH
United States District Judge

2

Case No.: 11-CV-0942-LHK
ORDER RE: SERVICE OF PROCESS