UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| ORANGE COUNTY ELECTRICAL INDUSTRY HEALTH AND WELFARE TRUST FUND; LOCAL UNION NO. 441 OF THE INTERNATIONAL BROTHERHOOD OF ELECTRICAL WORKERS; and DOUGLAS CHAPPELL, as Trustee of the above TRUST FUND,<br><br>                   Plaintiffs,<br>    v.<br><br>MOORE ELECTRICAL CONTRACTING, INC., a California corporation,<br><br>                   Defendant. | Case No.: 11-CV-00942-LHK<br><br>ORDER GRANTING THIRD MOTION FOR DEFAULT JUDGMENT |

Plaintiffs Orange County Electrical Industry Health and Welfare Trust Fund (the "Trust Fund"); Local Union No. 441 of the International Brotherhood of Electrical Workers ("IBEW Local 441"); and Douglas Chappell, as Trustee of the Trust Fund (collectively, "Plaintiffs"), bring this action against Defendant Moore Electrical Contracting, Inc. ("Defendant"), alleging violations of the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §§ 1001-1191c, and the Labor Management Relations Act ("LMRA"), 29 U.S.C. §§ 141-188. Plaintiffs allege that Defendant is delinquent in its payments into the Trust Fund and related employee benefit plans as required by a collective bargaining agreement between the Orange County Chapter of the National Electrical Contractors' Association and IBEW Local 441.

1
Case No.: 11-CV-0942-LHK
ORDER GRANTING THIRD MOTION FOR DEFAULT JUDGMENT

The Court previously denied two of Plaintiffs' motions for default judgment without prejudice, largely due to inadequate supporting documentation. Defendant failed to oppose Plaintiffs' first two motions for default judgment. Now before the Court is Plaintiffs' third unopposed motion for default judgment. The Court finds this matter appropriate for determination without oral argument and hereby VACATES the hearing and case management conference set for September 20, 2012. Having considered Plaintiffs' motion and supporting declarations, the Court GRANTS Plaintiffs' third motion for default judgment.

## I.  BACKGROUND

### A. Factual Allegations

This collection action arises out of Defendant's alleged failure to make monthly contributions to various employee benefit plans as required by the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1145, and the Labor Management Relations Act ("LMRA"), 29 U.S.C. § 185. Plaintiff Trust Fund is a multi-employer employee benefit plan pursuant to ERISA, 29 U.S.C. § 1002(3), (37), and 29 U.S.C. § 1132(d)(1), and jointly trusted employee benefit trust pursuant to the LMRA, 29 U.S.C. § 186(c)(5). Compl. ¶ 3. Plaintiff Chappell is a trustee and fiduciary of the Trust Fund and the Business Manager of IBEW Local 441. Compl. ¶ 4. Defendant is an employer within the meaning of 29 U.S.C. §§ 1002(5), 1145, and an employer in an industry affecting commerce within the meaning of section 301 of the LMRA, 29 U.S.C. § 185. Compl. ¶ 5. On November 16, 1982, Defendant signed a Letter of Assent binding itself to a collective bargaining agreement between the Orange County Chapter of the National Electrical Contractors Association ("NECA") and the International Brotherhood of Electrical Workers, Local 441 ("IBEW Local 441"), called the "Inside Wireman's Agreement." *See* Compl. ¶ 7; Decl. of Chloe Quail, ECF No. 24 ("Quail Decl."), Ex. A (Letter of Assent); Decl. of Benjamin Lunch, ECF No. 26-3 ("Lunch Decl."), Ex. A (2011-2012 Inside Wireman's Agreement); 2d Decl. of Benjamin Lunch, ECF No. 34-1 ("2d Lunch Decl."), Ex. A (2010-2011 Inside Wireman's Agreement). The Inside Wireman's Agreement obligates Defendant to make monthly benefit contributions to various funds for fringe benefits for covered employees. Compl. ¶

7. The Inside Wireman's Agreement also requires Defendant to be bound to the applicable trust agreements establishing each of the respective trust funds. *Id.*

Plaintiffs seek to collect unpaid contributions on behalf of the following funds, all of which are either represented by Doug Chappell as Trustee or have assigned their collection rights for delinquent contributions to the Trust Fund: (1) the Trust Fund; (2) Orange County Electrical Industry Defined Contribution Pension Plan; (3) Orange County Electrical Industry Joint Apprenticeship and Training Trust; (4) Orange County IBEW-NECA Labor Management Cooperation Committee Trust; (5) National Electrical Benefit Fund; (6) IBEW Education Fund; (7) Electrical Industry Administrative Maintenance Fund; (8) National Electrical Industry Fund, Vacation Fund; (9) NECA Dues and Services Charges Fund; and (10) IBEW Local Union #441 Dues. *See* Mot. at 3.

Plaintiffs allege that Defendant failed to make its required contributions from October 2010 through April 2011. *See* Revised Decl. of Sandy Stephenson, ECF No. 26-1 ("Stephenson Decl."), ¶¶ 3-10. In its attempts to collect funds, Plaintiffs recovered $50,773.26 from Defendant, which was applied to Defendant's delinquency. Stephenson Decl. ¶ 3. Plaintiffs now seek a total judgment of $111,266.98, comprising of $96,369.65 in total known outstanding damages, and $14,897.33 in attorney's fees and costs. Mot. at 4-5.

**B. Procedural History**

Plaintiffs filed this lawsuit on March 1, 2011. The Court granted Defendant's former counsel's motion to withdraw as counsel on July 20, 2011, on the ground that Defendant's ongoing liquidation frustrated the attorney-client relationship. ECF No. 17 at 2. The Court also authorized Plaintiffs to move for entry of default, pursuant to Civil Local Rule 3-9(b), if Defendant failed to obtain new counsel within 30 days. *Id.* at 4. Defendant failed to obtain counsel, and the Clerk subsequently entered Default on October 4, 2011. ECF No. 20. Plaintiffs filed a motion for default judgment on October 7, 2011, seeking a total judgment of $148,736.53, comprising $133,839.20 in total outstanding contributions, liquidated damages, and interest, and $14,897.33 in attorneys' fees and costs. ECF No. 22. The Court denied Plaintiffs' motion, without prejudice, because of deficiencies specified in the Court's Order Denying Without Prejudice Motion for

Default Judgment. ECF No. 25. On December 15, 2011, Plaintiffs filed a revised motion for default judgment, seeking a total judgment of $143,912.50, comprising $129,015.17 in principal, liquidated damages, and interest for delinquent contributions, and $14,897.33 in fees and costs. ECF No. 26. The Court again denied Plaintiffs' motion, without prejudice, for the reasons described in the Court's Order Denying Second Motion for Default Judgment. *See* ECF No. 32. On May 29, 2012, Plaintiffs filed the instant third motion for default judgment, in which Plaintiffs no longer seek interest and liquidated damages, "[i]n the interests of expeditiously resolving this case." ECF No. 34 at 3. Plaintiffs now seek a total judgment of only $111,266.98, comprised of $96,369.65 in unpaid contributions, and $14,897.33 in fees and costs. Plaintiffs do not seek any fees or costs for the preparation of their second or third default judgment motions.

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 55(b)(2) permits a court, following an entry of default, to enter default judgment against a defendant who has failed to plead or otherwise defend. *See* Fed. R. Civ. P. 55(a) & 55(b)(2). "The district court's decision whether to enter a default judgment is a discretionary one." *Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980). In exercising that discretion, a court should consider the following factors: "(1) the possibility of prejudice to the plaintiff; (2) the merits of plaintiff's substantive claim; (3) the sufficiency of the complaint; (4) the sum of money at stake in the action; (5) the possibility of a dispute concerning material facts; (6) whether the default was due to excusable neglect; and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits." *Eitel v. McCool*, 782 F.2d 1470, 1471-72 (9th Cir. 1986). When assessing these seven "*Eitel* factors," all well-pled allegations in the complaint regarding liability are taken as true, except as to the amount of damages, for which evidentiary support is required. *See Fair Hous. of Marin v. Combs*, 285 F.3d 899, 906 (9th Cir. 2002); *TeleVideo Sys., Inc. v. Heidenthal*, 826 F.2d 915, 917-18 (9th Cir. 1987) (per curiam).

If the plaintiff is seeking money damages, the plaintiff must "prove-up" his damages. *Amini Innovation Corp. v. KTY Int'l Mktg.*, 768 F. Supp. 2d 1049, 1053-54 (C.D. Cal. 2011). That is, the plaintiff must "provide evidence of its damages, and the damages sought must not be different in kind or amount from those set forth in the complaint." *Id.* (citing *Philip Morris USA,*

4

*Inc. v. Castworld Prods., Inc.*, 219 F.R.D. 494, 498 (C.D. Cal. 2003)); *see* Schwarzer, Tashima, and Wagstaffe, *Federal Civil Procedure Before Trial* § 6:80 (2010 ed.). "In order to 'prove up' damages, a plaintiff is generally required to provide admissible evidence (including witness testimony) supporting damage calculations." *Cannon v. City of Petaluma*, No. C 11-0651, 2011 WL 3267714, at *2 (N.D. Cal. July 29, 2011) (Hamilton, J.) (citing Schwarzer, et al., § 6:94, *et seq.*)).

### III. DISCUSSION

#### A. Adequacy of Service of Process

Because Defendant has appeared in this action, Federal Rule of Civil Procedure 55(b)(2) requires, as a prerequisite to entry of default judgment, that Plaintiffs serve Defendant or its representative with written notice of the application at least seven days before the hearing on the default judgment. *See* Fed. R. Civ. P. 55(b)(2). Here, Plaintiffs timely served Defendant the Summons and Complaint, and Defendant timely answered the Complaint on March 24, 2011. *See* ECF No. 5. On May 29, 2012, Plaintiffs served the third motion for default judgment and all associated pleadings on Defendant by United States mail at the same address upon which Defendant was served with the Complaint in this action. *See* 2d Supp. Decl. of Benjamin Lunch, ECF No. 37 ¶¶ 2-3; ECF No. 34 at 5 (Proof of Service by Mail); ECF No. 3. Accordingly, the Court is satisfied that service of process was adequate under Rule 55(b)(2).

#### B. Default Judgment

Here, the majority of *Eitel* factors weigh in favor of entry of default judgment. First, the potential prejudice to Plaintiffs if denied default judgment is significant, as Plaintiffs will likely be left without a means of recovering Defendant's unpaid contributions if default judgment is not granted. *See Cent. Cal. Elec. Indus. Health & Welfare & Pension Trust Funds v. Goleta Elec., Inc.*, No. C-11-2755 EMC, 2012 WL 555094, at *3 (N.D. Cal. Feb. 21, 2012); *Bay Area Painters & Tapers Pension Trust Fund v. Lombari*, No. 10-0709 SC, 2010 WL 3749401, at *3 (N.D. Cal. Sept. 23, 2010); *Parker W. Int'l, LLC v. Clean Up America, Inc.*, No. C-08-2810 EMC, 2009 WL 2916664, at *3 (N.D. Cal. Sept. 1, 2009). Thus, the possibility of prejudice to Plaintiffs favors

default judgment. *See PepsiCo, Inc. v. Cal. Sec. Cans*, 238 F. Supp. 2d 1172, 1177 (C.D. Cal. 2002).

The next two *Eitel* factors are the merits of Plaintiff's substantive claim and the sufficiency of the complaint. Both of these factors favor default judgment as well. Courts have interpreted these two factors as requiring that a plaintiff "state a claim on which the [plaintiff] may recover." *Id.* at 1175 (internal quotation marks and citation omitted); *see Moore v. United Kingdom*, 384 F.3d 1079, 1090 (9th Cir. 2004) (recognizing a "long-standing presumption that due process requires plaintiffs seeking default judgments to make out a prima facie case"). Accepting the allegations of liability in Plaintiffs' Complaint as true, as the Court must after entry of default, the Court concludes that Plaintiffs have stated claims for relief under ERISA, 29 U.S.C. § 1145, and the LMRA, 29 U.S.C. § 185. ERISA authorizes actions by fiduciaries on behalf of benefit plans to enforce an employer's obligation to make contributions to a multi-employer plan under the terms of the plan or a collective bargaining agreement. 29 U.S.C. §§ 1132(a)(3) & (d)(1); 29 U.S.C. § 1145. Here, Plaintiffs have adequately pled that Defendant is liable under 29 U.S.C. § 1145 for delinquent contributions owed to the Trust Fund and related employee benefit plans pursuant to the Inside Wireman's Agreement, and have adequately pled standing under 29 U.S.C. § 1132 to enforce the relevant ERISA provisions. Plaintiffs have also adequately pled a breach of contract claim that arises out of a collective bargaining agreement, pursuant to § 301 of the LMRA. *See* 29 U.S.C. § 185; *McKee v. Transco Prods., Inc.*, 874 F.2d 83, 85 (2d Cir. 1989). Thus, the merits of Plaintiffs' claim and the sufficiency of the complaint favor granting default judgment for Plaintiffs. *See San Mateo Elec. Workers Health Care Trust v. ACS Controls Corp.*, No. 09-CV-05519-LHK, 2010 WL 4916420, at *3 (N.D. Cal. Nov. 22, 2010).

The fourth *Eitel* factor requires consideration of the amount of money in controversy. Plaintiffs seek a total recovery of $111,266.98, inclusive of attorney's fees and costs. A large sum of money in dispute weighs against granting default judgment. *See Eitel*, 782 F.2d at 1472 (affirming denial of default judgment for claim of $3 million). Here, however, the remedy Plaintiffs seek is limited to the damages that would be reasonably expected to put Plaintiffs in the same position as they would be had Defendant fulfilled its contractual obligations. In fact, in the

6

interest of "expeditiously resolving this case," Plaintiffs are no longer even seeking interest and liquidated damages, but instead are seeking to recover only Defendant's delinquency in principal, plus attorneys' fees and costs. Mot. at 3. Thus, the sum of money at stake is reasonably proportionate to the harm caused to Plaintiffs by Defendant's breach of contract. *See Cent. Cal. Elec. Indus. Health & Welfare & Pension Trust Fund*, 2012 WL 555094, at *3 (finding the sum of money reasonable where plaintiffs sought unpaid contributions, interest, liquidated damages, and attorneys' fees and costs); *Walters v. Statewide Concrete Barrier, Inc.*, No. C 04-2559 JSW (MEJ), 2006 WL 2527776, at *5 (N.D. Cal. Aug. 30, 2006). Thus, the Court finds that the fourth *Eitel* factor favors default judgment. *See San Mateo Elec. Workers Health Care Trust*, 2010 WL 4916420, at *3.

The fifth factor also favors default judgment. Although Defendant filed an answer to Plaintiffs' complaint, thereby disputing the validity of Plaintiffs' claims, Defendant has since taken no further action to defend the case and has made no attempt to counter the evidence offered by Plaintiffs that Defendant was delinquent in paying its contributions to the various trust funds from October 2010 to April 2011. Because Plaintiffs have stated a prima facie case, and because Plaintiffs' allegations are accepted as true on a motion for default judgment, there is little possibility of a dispute concerning material facts. *See Parker West*, 2009 WL 2916664, at *3 (finding low possibility of material factual dispute, despite corporate defendant's timely answer, where, as here, defendant was unable to obtain new counsel after counsel withdrew). Consequently, this factor, too, favors default judgment.

As for the sixth *Eitel* factor, there is little to suggest that Defendant's default was due to excusable neglect. Defendant's counsel withdrew in July 2012, due to Defendant's ongoing liquidation at the time, but Defendant was given thirty days to locate new counsel. Defendant provided no good cause for its failure to do so. Moreover, a defendant's inability to litigate due to insolvency does not preclude entry of default judgment. *See, e.g.*, *Crosthwaite v. Clavin Constr. Mgmt.*, C 07-01241 WHA, 2007 WL 2790695, at *3 (N.D. Cal. Sept. 25, 2007) (finding default judgment appropriate despite one defendant's bankruptcy); *Parker West*, 2009 WL 2916664, at *2 (finding default judgment appropriate despite fact that corporate defendant's counsel withdrew,

7
Case No.: 11-CV-0942-LHK
ORDER GRANTING THIRD MOTION FOR DEFAULT JUDGMENT

where defendant was unable to obtain new counsel). Even if Defendant's neglect of this action due to its insolvency could be deemed "excusable," this factor is insufficient to overcome the other factors that weigh strongly in Plaintiffs' favor.

Finally, although federal public policy favors decisions on the merits, nearly all of the other *Eitel* factors favor default judgment here. Accordingly, after weighing all the *Eitel* factors, the Court concludes that the general policy interest in adjudication on the merits and any excusable neglect on Defendant's part are outweighed by the other considerations specific to the circumstances of this case. Plaintiffs are therefore entitled to a default judgment, and the Court turns next to the issue of damages.

### C. Damages

Upon entry of judgment in favor of a plan governed by ERISA, the Court must award the Trust Fund the following: (1) the unpaid contributions; (2) interest on the unpaid contributions; (3) the greater of interest on the unpaid contributions or liquidated damages, not to exceed 20 percent of the unpaid contributions; and (4) reasonable attorney's fees and costs. 29 U.S.C. § 1132(g)(2) (2006). The Ninth Circuit has held that award of these items is mandatory, not discretionary, where, as here: (1) defendant was delinquent at the time the action was filed; (2) the court is entering a judgment against defendant; and (3) the plan provides for these awards. *Nw. Admin., Inc. v. Albertson's, Inc*., 104 F.3d 253, 257 (9th Cir. 1996) (citing *Idaho Plumbers & Pipefitters Health & Welfare Fund v. United Mechanical Contractors, Inc.*, 875 F.2d 212, 215 (9th Cir. 1989)).

Here, Plaintiffs request only unpaid contributions and attorneys' fees and costs pursuant to 29 U.S.C. § 1132(g)(2). In support of their request for an award of $96,369.65 in delinquent principal, Plaintiffs submit: (1) a copy of the governing Inside Wireman's Agreements for 2010-2011 and 2011-2012, *see* ECF Nos. 34-1, 26-3; (2) the Revised Declaration of Sandy Stephenson, an employee of United Administrative Services, which assists in the collection and disbursement of funds for the various trusts, *see* ECF No. 26-1; and (3) copies of the monthly payroll transmittals provided by Defendant for the months of October 2010 through April 2011, which include breakdowns of the amounts owed for each month to each of the funds, *see* ECF No. 23. This

8

Case No.: 11-CV-0942-LHK
ORDER GRANTING THIRD MOTION FOR DEFAULT JUDGMENT

documentation adequately corroborates Plaintiffs' claim that Defendant owes $96,369.65 in unpaid contributions. The Court finds that Plaintiffs have satisfied their burden of proof and accordingly awards Plaintiffs $96,369.65 for unpaid contributions from October 2010 through April 2011.

In addition, to substantiate their request for fees and costs, Plaintiffs submit detailed billing records attached to a declaration by Plaintiffs' counsel Chloe Quail. *See* ECF No. 24, Quail Decl. Ex. C. The Court has reviewed the supporting documentation and finds the costs, billing rates, and hours spent on this case to be reasonable. Accordingly, the Court awards Plaintiffs attorneys' fees in the amount of $14,256.00, and costs in the amount of $641.33, for a total of $14,897.33.

### IV. CONCLUSION

For the foregoing reasons, the Court GRANTS Plaintiff's third motion for default judgment. Plaintiffs are awarded $96,369.65 in unpaid contributions, $14,256.00 in attorneys' fees, and $641.33 in costs, for a total award of $111,266.98. The Clerk shall close the file.

**IT IS SO ORDERED.**

Dated: September 18, 2012

_____
LUCY H. KOH
United States District Judge